338 F.2d 335
 Henry J. LARKIN, d/b/a Larkin Co., Plaintiff, Appellant,
v.
UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the
PLUMBING ANDPIPEFITTING INDUSTRY OF UNITED STATES
AND CANADA, AFL-CIO, LOCAL 53, etc.,
etal., Defendants, Appellees.
 No. 6394.
 United States Court of Appeals First Circuit.
 Nov. 16, 1964, As Amended on Denial of Rehearing Dec. 9, 1964.
 
 Henry J. Larkin, pro se.
 Joseph C. Duggan and Louis A. Perras, Jr., New Bedford, Mass., on brief for appellees.
 Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit judges.
 PER CURIAM.
 
 
 1
 This is an appeal to reverse a summary judgment of dismissal of a complaint. It is apparent from an examination of the complaint, and of appellee's brief, that a number of questions are involved. The so-called brief filed by appellant reads in full as follows: 'The plaintiff appellant submits that he is entitleed to a trial by jury in a case that was property brought and stated to afford relief under the act as set forth in the complaint.'
 
 
 2
 Our Rule 23(3) provides, inter alia, that an appellant's brief should contain a statement of the questions involved, a recitation of the facts, an argument, and a citation of authorities. It is also a well recognized principle of appellate procedure that points not argued are waived. Brown v. Freedman, 1 Cir., 1942, 125 F.2d 151. Correspondingly, an appellant who, in effect, files no brief, is in default and may not argue orally. Appellant, although pro se until he retained counsel to argue his appeal, has been before this court on a number of occasions and must be charged with knowing the rules. If an appellant has not sufficient interest in his case to make an adequate presentation, or, though interested, can find nothing to say, he cannot expect the court to do his work for him.
 
 
 3
 Appellant having presented nothing, it is ordered that his appeal be dismissed for want of prosecution.